UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RAMZI FAISAL SALEH AL NAQEEB,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 26-cv-3052-RSH-DEB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On May 15, 2026, petitioner Ramzi Faisal Saleh Al Naqeeb, proceeding pro se, filed a petition for writ of habeas corpus (the "Petition"). ECF No. 1. For the reasons stated herein, the Court denies the Petition.

## I. BACKGROUND

Petitioner was released from immigration custody on bond on September 15, 2025. ECF No. 1-2 at 2. The September 15, 2025 order specifically provided that "Alternatives to Detention . . . such as electronic monitoring may be imposed at [Department of Homeland Security ("DHS")] discretion." *Id.* Petitioner was released from immigration custody on September 29, 2025, and "[u]pon release, ICE placed Petitioner on GPS ankle monitoring." ECF No. 1 ¶¶ 33–34.

On October 23, 2025, Petitioner filed a bond redetermination request, seeking to modify one condition of the Immigration Judge's ("IJ") September 15, 2025 order. ECF No. 5, Ex. 2. The IJ granted the request the next day, authorizing Petitioner to live in his own apartment instead of with his "sponsor." *Id.*, Ex. 3. Petitioner did not challenge any other provision of the IJ's September 15, 2025 order.

Petitioner argues that the requirement that he continue to wear an ankle monitor is unlawful and he seeks an order from this Court directing DHS to remove the ankle monitor. *See generally* ECF No. 1.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

The Court concludes that it has jurisdiction over the Petition but declines to waive the prudential exhaustion requirement. The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative

remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner has not taken advantage of the administrative remedies available to him to challenge his ankle monitor. Although Petitioner filed a bond redetermination request seeking to alter a different provision of the September 15, 2025 order, which the IJ ultimately granted, ECF No. 5, Ex. 3, Petitioner has not made a similar administrative request challenging the IJ's authorization of electronic monitoring. Addressing the merits of Petitioner's claim would circumvent the statutory role of the IJ and the BIA in addressing matters of bond. The Court declines to excuse or waive the prudential exhaustion requirement. This ruling is without prejudice to any challenge brought once the agency has had the opportunity to address Petitioner's claimed errors.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 26, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge